CENTER FOR DISABILITY ACCESS, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162
Fax (760) 480-4170

Attorney for Plaintiffs, MARY JO KITTOK & CURTIS BELL

FILED
JUL 24 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY JO KITTOK; CURTIS BELL,

    Plaintiff,

v.

ROWTOWN, INC., A California Corporation, and DOES 1 through 100, inclusive

    Defendants.

Case No. C08 03559 RS

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE**

**DEMAND FOR JURY**

    Plaintiffs MARY JO KITTOK and CURTIS BELL complain of Defendants ROWTOWN, INC., A California Corporation, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION:**

    1. This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for violation of the Americans with Disabilities Act and related state laws addressing the defendants' failure to provide wheelchair accessible transportation. Plaintiff seeks injunctive relief and damages for

-1-

Complaint

violations of civil rights and for damages flowing from such violations.

**PARTIES:**

2. Plaintiff MARY JO KITTOK is a California resident with physical disabilities. She is an amputee who suffers from arthritis and requires a wheelchair for mobility.

3. Plaintiff CURTIS BELL is a California resident with physical disabilities. He is an amputee who has a prosthetic device and requires a wheelchair for mobility for any distance.

4. Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Restaurant located at 700 Cannery Row, Monterey, California.

5. Plaintiffs do not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiffs are informed and believe that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained

**FACTUAL ALLEGATIONS:**

6. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

7. The Plaintiffs, husband and wife, patronized the Restaurant, to dine, on May 13, 2007.

8. During their visit, the Plaintiffs encountered various violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, there were no

accessible entrance into the bathrooms, due to excessive pressures required to open the bathroom doors, and there were inaccessible features in the bathrooms.

**9.** Naturally, Plaintiffs KITTOK and BELL were frustrated, angry and/or vexed as a result of encountering these conditions, these violations of their civil rights, and the lack of safe, convenient and accessible facilities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the continued violation of the Plaintiffs' civil rights by these defendants and the highly unpleasant emotional distress caused by such unlawful treatment is attributable to the actions or inactions of the defendants and plaintiff seeks redress from these defendants for such injury.

**10.** Plaintiffs would like to return and patronize the Defendants' Restaurant, however, the Plaintiffs are unable to use the Restaurant on a "full and equal" basis until the Restaurant is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein. Plaintiffs have been and currently are being deterred from returning and patronizing the Defendants' Restaurant on a full and equal basis.

**I.   FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiffs and Against All Defendants) (Cal Civ § 51-53)

**11.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there were no accessible entrance into the bathrooms, due to excessive pressures required to open the bathroom doors, and there

Complaint

were inaccessible features in the bathrooms, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiffs.

**II. SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiffs and Against All Defendants) (Cal Civ § 51-53)

**12.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The Defendants intended the physical and architectural condition of their property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there were no accessible entrance into the bathrooms, due to excessive pressures required to open the bathroom doors, and there were inaccessible features in the bathrooms, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiffs.

**13.** The acts alleged above, which form the basis of the Plaintiffs' discrimination claim, are intentional acts.

**III. THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiffs and Against All Defendants) (Cal Civ § 54-54.8)

**14.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California

Complaint

Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there were no accessible entrance into the bathrooms, due to excessive pressures required to open the bathroom doors, and there were inaccessible features in the bathrooms, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiffs.

**IV.   FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiffs and Against All Defendants)

**15.** The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the Plaintiffs in the running of their Restaurant. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiffs pray that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. **Note:** the Plaintiffs are not invoking section 55 of the California Civil Code and are not seeking injunctive relief under that section.

**2.** Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. **Note:** A Defendant cannot be held liable for damages under both the Unruh Civil Rights Act and the California Disabled Persons Act and the Plaintiffs will make an election at trial depending upon the evidence amassed.

-5-

Complaint

**3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: July 21, 2008          CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: July 21, 2008          CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
MARY JO KITTOK & CURTIS BELL

**DEFENDANTS**
ROWTOWN, INC., A California Corporation, and DOES 1 through 100

**(b)** County of Residence of First Listed Plaintiff: Riverside County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark D. Potter/Russell C. Handy   SBN 166317/195058
The Center for Disability Access, LLP
100 E. San Marcos Blvd., Suite 400
San Marcos, CA 92069   Ph: (760) 480-4162 Fx: (760) 480-4170

Attorneys (If Known)

C08  03559  RS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities—Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities—Other | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus—Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101
Brief description of cause:
American's with Disabilities Act

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

DATE: July 21, 2008
SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL